NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ORLANDO ROSA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-512

Agency No.
A70-959-048

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2024
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Petitioner Jose Orlando Rosa seeks review of an order from the Board of

Immigration Appeals ("Board" or "the BIA") affirming a decision by an

immigration judge ("IJ") denying Rosa withholding of removal and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

U.S.C. § 1252(a)(1), and we grant in part the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.     To qualify for withholding of removal, a petitioner must demonstrate that his or her "life or freedom would be threatened in [a] country because of the [petitioner's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). A petitioner may establish eligibility for withholding by showing a clear probability of future persecution. *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021); *see also* 8 C.F.R. § 1208.16(b). "A clear probability exists if it is 'more likely than not' the [petitioner] will be persecuted upon return." *Aden*, 989 F.3d at 1086 (quoting *Korablina v. INS*, 158 F.3d 1038, 1046 (9th Cir. 1998)). To satisfy that standard, the petitioner must demonstrate that his fear of persecution is "both subjectively genuine and objectively reasonable." *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). Additionally, the risk of future persecution "must be apparent from objective evidence" in the record. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Here, Rosa seeks withholding of removal on three grounds, his: (1) political opinion, (2) former membership in the Farabundo Marti National Liberation Front ("FMLN"), and (3) affiliation with a family involved in the FMLN. Substantial evidence supports the Board's decision to deny withholding on account of Rosa's political opinion. Rosa testified at his hearing that he is no longer interested in Salvadoran politics. Objective record evidence does not show, however, that those

who choose not to participate in politics—like Rosa—are at risk of persecution in El Salvador.

Similarly, substantial evidence supports the BIA's decision to deny withholding on account of Rosa's former affiliation with the FMLN. Rosa credibly testified that, during the civil war in El Salvador, soldiers attacked and cut him because he was a member of the FMLN. He fears that, if he returns to El Salvador, he will be harmed again. Rosa's fear is subjectively genuine and subjectively reasonable based on his past experiences. All the same, his fear of harm based on his past affiliation with the FMLN is not objectively reasonable in light of record evidence showing materially changed political conditions in El Salvador. The FMLN is no longer a guerrilla organization fighting in a civil war. Today, it is a prominent political party within a democratic system. That change undermines the objective reasonableness of Rosa's fear of future persecution. *See Tamang*, 598 F.3d at 1094 (concluding that a petitioner did not have an objectively reasonable fear of persecution based on his political party affiliation where the political climate in his home country had changed).

By contrast, the Board erred in two ways when it denied Rosa's withholding claim premised on his membership in a family associated with the FMLN. First, the Board impermissibly failed to adjudicate Rosa's family-based claim. Ordinarily, the Board is "not free to ignore arguments raised by a petitioner."

3

*Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). Indeed, we have remanded cases where the Board failed to address a petitioner's social group claim, *see Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015), and the same is appropriate here. Second, and separately, the Board misconstrued Rosa's proposed social group premised on his family affiliation. In its decision, the Board stated that Rosa's claim is "based on his family membership." In his briefing before the Board, however, Rosa asserted that he fears persecution in El Salvador based on his membership in a narrower social group: a "family heavily involved with the FMLN political party." We have remanded cases where, as here, the agency misconstrues a petitioner's proposed social group. *See Antonio v. Garland*, 58 F.4th 1067, 1076 (9th Cir. 2023); *Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019).

2.      CAT prohibits the United States from returning a petitioner to a country where "it is more likely than not that he or she would be tortured." 8 C.F.R. § 1208.16(c)(2). In determining whether a petitioner is likely to be tortured, we consider all relevant evidence. *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001). Although evidence of past torture is relevant, standing alone, it is not sufficient to demonstrate a likelihood of future torture. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022). That is especially true where country "circumstances or conditions have changed significantly, not just in general, but

4

with respect to the particular individual." *Nuru v. Gonzales*, 404 F.3d 1207, 1217–18 (9th Cir. 2005).

Here, the IJ found that soldiers tortured Rosa during the civil war when they beat him, cut him, and left him unconscious on the side of the road. Although that finding would seem to suggest that Rosa is likely to be tortured again, "[t]he inference that future torture is likely to recur breaks down where 'circumstances or conditions have changed significantly, not just in general, but with respect to the particular individual.'" *Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) (quoting *Nuru*, 404 F.3d at 1218). As we explain above, the political climate in El Salvador has changed since the civil war. In light of those changed circumstances, it is unlikely that Rosa will be tortured with government acquiescence if he returns to El Salvador.

For these reasons, we **GRANT IN PART** the petition for review and **REMAND** to the Board, on an open record, Rosa's withholding claim premised on his membership in a family heavily involved with the FMLN. We **DENY** the petition for review with respect to the remaining claims. Additionally, we **DENY** as moot Rosa's Motion for Judicial Notice.